**William G. Fig, OSB No. 952618**
wfig@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for GMAC Mortgage, LLC and
Residential Asset Mortgage Products, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| MARY STRONG, | Case No. **6:15-cv-01966** |
| Plaintiff, | **NOTICE OF BANKRUPTCY STATUS** |
| v. | |
| GMAC MORTGAGE, LLC, et. al., | |
| Defendants. | |

GMAC Mortgage, LLC, named individually three times in the caption ("GMACM"),

and Residential Asset Mortgage Products, Inc. ("RAMP"), and collectively, the "Named

Debtors," by and through their undersigned counsel, respectfully submit this Notice of

Bankruptcy Status, and states as follows:

1.      On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and

certain of its direct and indirect subsidiaries, including the Named Debtors (collectively,

the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy

Page 1 – NOTICE OF BANKRUPTCY STATUS

Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").  The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3.    Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K).  **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan**.

4.    Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, or any other referenced bankruptcy documents, are not included as an attachment, but may be obtained at no charge at http://www.kccllc.net/rescap

Page 2 – NOTICE OF BANKRUPTCY STATUS

APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

5.      In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the Plan provides as follows:

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:

…

(c) **to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions**;
….

(Plan, Art. XII) (emphasis added).   In addition, the Confirmation Order provides as follows:

**Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by

Page 3 – NOTICE OF BANKRUPTCY STATUS

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

WFBNA in these Chapter 11 Cases and any Claims or Causes of Action
that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

7.      By Order dated November 21, 2012, the Court approved the sale of the

Debtors' mortgage origination and servicing platform to Ocwen Loan Servicing LLC

("Ocwen") and its designee, Walter Investment Management Corp. ("Walter") [Docket

No. 2246] (the "Ocwen Sale Order").   The transactions comprising the sale of the

Debtors' mortgage origination and servicing platform (the "Sale") closed in two parts: the

sale to Walter closed on January 31, 2013, and the sale to Ocwen closed on

February 15, 2013.

8.      On March 13, 2015, the Bankruptcy Court entered the Order Granting the

Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of

Plan and Confirmation ("Enforcement Order").   The Procedures Order, (i) bars Plaintiff

from continuing to prosecute this action against the Named Debtors under the injunction

provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to

seek further relief from the Bankruptcy Court in the event Plaintiff refuses to dismiss this

action with respect to the Named Debtors.

9.      According to the Debtors' records, Plaintiff did not file a proof of claim in

the Bankruptcy Cases and is barred from continuing to prosecute this action against the

Named Debtors.  Additionally, pursuant to the Plan and Confirmation Order, the Plaintiff

is prohibited from pursuing monetary claims against the Named Debtors, but may

proceed with non-monetary relief.  However, as a result of the Sale, no Debtor services

the loan that is the subject of this proceeding and is unable to provide any non-

Page 4 – NOTICE OF BANKRUPTCY STATUS

monetary relief sought.  Therefore, and pursuant to the Enforcement Order, the Named

Debtors shall contact Plaintiff in writing and request that Plaintiff agree to dismiss this

action against the Named Debtors.

10.    For the avoidance of doubt, the Named Debtors are not seeking any relief

from the Court by this Report, and are submitting this Report solely for the purpose of

providing the Court and the parties to this action with a notice of the Bankruptcy Cases.

Dated this 6th day of November, 2015.

SUSSMAN SHANK LLP


By */s/ William G. Fig*
    William G. Fig, OSB No. 952618
    wfig@sussmanshank.com
        Attorneys for GMAC Mortgage, LLC and Residential
        Asset Mortgage Products, Inc.


*20809-110/NOB (02209894);1

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130